IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MATTHEW BRIAN NORTHEN,                  )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        1:15CV445
                                        )
CAROLYN W. COLVIN,                      )
Acting Commissioner of Social Security, )
                                        )
                    Defendant.          )

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Matthew Brian Northen ("Plaintiff") brought this action pursuant to Section

205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial

review of a final decision of the Commissioner of Social Security denying his claim for

Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have filed cross-

motions for judgment, and the administrative record has been certified to the Court for review.

I.      PROCEDURAL HISTORY

Plaintiff protectively filed his application for DIB on May 28, 2013, alleging a disability

onset date of April 20, 2008. (Tr. at 17, 154-55.)[1] His claim was denied initially (Tr. at 79-92,

107-10), and that determination was upheld on reconsideration (Tr. at 93-105, 114-18).

Thereafter, Plaintiff requested an administrative hearing de novo before an Administrative

---

[1] Transcript citations refer to the Administrative Record [Doc. #5].

Law Judge ("ALJ"). (Tr. at 123-24.) Plaintiff attended the subsequent hearing on November 26, 2014, along with his attorney and an impartial vocational expert. (Tr. at 17.)

Following the administrative hearing, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act at any time between March 27, 2013 and December 31, 2013 (his date last insured).[2] (Tr. at 17, 19, 32.) On April 24, 2015, the Appeals Council denied Plaintiff's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review. (Tr. at 1-5.)

## II. LEGAL STANDARD

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the] review of [such an administrative] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported

---

[2] With respect to the period from April 20, 2008 to March 26, 2013, it appears that Plaintiff filed a prior DIB claim alleging disability beginning April 20, 2008. That claim was denied administratively on June 5, 2012, and on reconsideration on November 26, 2012. (Tr. at 77, 263.) As to that prior claim, Plaintiff did not file a timely request for a hearing before an ALJ. (Tr. at 77.) Plaintiff subsequently attempted to file an untimely request for a hearing, but that request was denied on March 26, 2013. (Id.) As part of his present claim, Plaintiff sought to re-open that prior application, but the ALJ denied that request to re-open and concluded that the relevant period for the decision in this case was from March 27, 2013 through the date last insured. (Tr. at 17.) This Court does not have jurisdiction to review the ALJ's decision not to re-open the prior claims, and Plaintiff does not ask for a review of that determination. See McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981). Therefore, the matter before the Court is Plaintiff's challenge to the ALJ's substantive determination for the period from March 27, 2013 to December 31, 2013, based on the medical record relied upon by the ALJ.

by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal brackets omitted). "The issue before [the reviewing court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

In undertaking this limited review, the Court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

3

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[3]

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." Id.

A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. For example, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first two steps, and establishes at step three that the impairment "equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations," then "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at

---

[3] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual function[al] capacity ('RFC')." Id. at 179.[4] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, which "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments." Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Government cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

III.    DISCUSSION

In the present case, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since his alleged onset date. Plaintiff therefore met his burden at step one of the sequential evaluation process. At step two, the ALJ further determined that Plaintiff suffered

---

[4] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that pursuant to the administrative regulations, the "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

from the following severe impairments: "degenerative joint disease; arthritis; multi-level degenerative disc disease; cardiomyopathy; bilateral hearing loss/tinnitus; migraine headaches; sleep apnea; history of traumatic brain injury (TBI); history of post-traumatic stress disorder (PTSD); anxiety; [and] somatoform disorder." (Tr. at 20.) The ALJ found at step three that none of these impairments met or equaled a disability listing. (Tr. at 20-23.) Therefore, the ALJ assessed Plaintiff's RFC and determined that he could perform light work with myriad additional postural, environmental, and mental restrictions. (Tr. at 23.) Based on this determination, the ALJ found under step four of the analysis that Plaintiff could not return to any of his past relevant work. (Tr. at 30.) However, based on the vocational expert's testimony, the ALJ determined at step five, that, given Plaintiff's age, education, work experience, and RFC, he could perform other jobs available in the national economy. (Tr. at 31.) Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. at 31-32.)

Plaintiff argues that the ALJ's decision fails to comport with the Fourth Circuit's holding in <u>Bird v. Comm'r of Soc. Sec. Admin.</u>, 699 F.3d 337 (4th Cir. 2012), based on the ALJ's failure to give substantial weight to a disability determination made by Department of Veterans Affairs ("VA"). Plaintiff also contends that the ALJ's decision fails to comply with the Fourth Circuit's decision in <u>Mascio v. Colvin</u>, to the extent that the ALJ relied heavily on Plaintiff's activities of daily living but "said nothing about [Plaintiff's] ability to perform them for a full workday." <u>Mascio</u>, 780 F.3d 632, 637 (4th Cir. 2015). As discussed below, this Court recommends that the case be remanded for the ALJ to properly consider Plaintiff's VA disability determinations in light of <u>Bird</u>. In light of that conclusion, Plaintiff's separate <u>Mascio</u>

6

allegations need not be addressed at this time, since any of the matters raised by Plaintiff may be addressed on remand.

A.    VA Disability Determination

In this case, the VA previously assigned Plaintiff a 100% service connected disability rating. However, the ALJ assigned that rating limited weight, citing Social Security Ruling ("SSR") 06-03p, which provides that "a determination made by another agency . . . that [the claimant is] disabled or blind is not binding on" the Social Security Administration ("SSA"), because "the ultimate responsibility for determining whether an individual is disabled under Social Security law rests with the Commissioner." SSR 06-03p, 2006 WL 2329939, at *6-7. However, in Bird, a case not explicitly mentioned by the ALJ, the Fourth Circuit both emphasized and clarified another tenet of SSR 06-03p, namely that "another agency's disability determination 'cannot be ignored and must be considered.'" 699 F.3d at 343 (citation omitted). In determining the weight to give a VA decision, the Fourth Circuit specifically held that "[t]he assignment of at least some weight to a VA disability determination reflects the fact that both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Bird, 699 F.3d at 343 (internal citation and quotation marks omitted). The Fourth Circuit therefore concluded that "in making a disability determination, the SSA must give substantial weight to a VA disability rating," and "an ALJ may give less weight to a VA disability rating when the

record before the ALJ <u>clearly demonstrates</u> that such a deviation is appropriate." <u>Id.</u> (emphasis added).

Here, the ALJ asserts that he "considered" Plaintiff's combined VA disability rating of 100%, and he noted that sleep apnea (50%), PTSD (30%), and migraines (30%) constituted Plaintiff's highest individual ratings. (Tr. at 29.) However, the VA ultimately found that 13 of Plaintiff's impairments merited disability ratings, including: a 20% rating for degenerative disc disease of the cervical spine (postoperative discectomy with fusion); a 20% rating for left temporomandibular joint dysfunction; 10% for left knee injury (osteoarthritis with chondromalacia, torn meniscus and chondrol injury, postoperative arthroscopy with meniscectomy); 10% for right knee injury (medial meniscus tear, chondromalacia patella, and osteoarthritis, postoperative arthroscopy); 10% for degenerative disc disease of the lumbar spine, 10% for each ankle (arthritis of the left and right ankle), 10% for the right shoulder (postoperative repair, right shoulder superior labrum anterior and posterior lesion, major); 10% for the left shoulder (degenerative labral tear and impingement syndrome, postoperative); and 10% for tinnitus. (Tr. at 166-85, 243-62.) The ALJ fails to mention these additional ratings, although the vast majority of the above conditions overlap with the impairments at issue in the present case. (Compare Tr. at 20); <u>see also</u> <u>Bird</u>, 699 F.3d at 343.

Moreover, the ALJ never explains his reasons for discounting the VA's underlying findings relating to any of Plaintiff's specific conditions, either individually or in combination. Instead, the ALJ found that

> [Plaintiff's] examinations set forth subjective complaints without sufficient validation considering the totality of the record. As discussed herein, [Plaintiff] has had essentially normal-to-moderate physical findings and normal mental status examination, even though he reported and used an assistive device at

8

> times; yet, he reported wide and varying activities of daily living; and, his GAF score was only reflective of moderate limitations. Accordingly, the undersigned has given the VA rating limited weight.

(Tr. at 29.) In short, it appears that the ALJ summarily dismissed the VA's conclusion that Plaintiff is 100% disabled without either parsing that conclusion into its component findings or considering the rationale behind those findings. Instead, the ALJ merely restated his general rationale for discounting Plaintiff's allegations of disability. Despite the Commissioner's arguments to the contrary, this cursory analysis fails to "clearly demonstrate" that deviation from the substantial weight standard was warranted in the present case.

The Commissioner contends that the ALJ gave limited weight to the VA determination because the VA determination "took into account Plaintiff's subjective complaints." (Def. Br. at 5.) In this regard, after noting the VA disability rating, the ALJ's decision does state that "the claimant's examinations set forth subjective complaints without sufficient validation considering the totality of the record." (Tr. at 29.) However, it is not clear if the ALJ intended to reject the entirety of the VA determination as being based on subjective complaints, or simply some portions or parts of the VA determination. Alternatively, it may be that the ALJ was referring to subsequent examinations, not the VA determination. Moreover, as noted by Plaintiff in his brief, the VA determination includes substantial objective findings on which the determination was based, including: a polysomnography, neuropsychological testing, brain MRI showing mild cerebral cortical atrophy, MRI and physical examination of the cervical spine, MRI and physical examination of the knees, x-rays of the ankles, MRI and physical examination of the shoulders, x-ray of the lumbar spine, and diagnostic assessment of tinnitus. (Tr. at 169-84.) Thus, it is simply unclear what the ALJ meant or the manner or extent to

9

which the ALJ intended to reject the VA determination as being based on subjective complaints.

The Commissioner also offers additional rationales for assigning the VA determination limited weight. First, the Commissioner attempts to highlight the differences between the VA and SSA disability systems as a basis for assigning limited weight to the VA's decision. (Def.'s Br. [Doc. #11] at 6-8.) However, as this Court has previously explained, "citing to 'different rules and different standards' as a rationale to give less than substantial weight to a VA disability determination is not enough, because such a rationale would apply to every case, and thus cannot clearly demonstrate a reason for departing from the Bird presumption." Hildreth v. Colvin, No. 1:14CV660, 2015 WL 5577430, at *4 (M.D.N.C Sept. 22, 2015) (citing Thomas v. Colvin, Action No. 4:12CV179, 2013 WL 5962929, at *9 (E.D. Va. Nov. 6, 2013)).

In addition, the Commissioner also undertakes her own further analysis of the VA's rationale for its individual rating determinations. The Commissioner contends, for example, that "Plaintiff was entitled to a 50% disability rating solely because he was diagnosed with obstructive sleep apnea and prescribed a breathing assistive device (a CPAP) . . . There was no requirement that [Plaintiff] demonstrate that he had functional limitations from this impairment or that his condition did not respond to treatment with a CPAP." (Def.'s Br. at 9.) Similarly, Defendant contends that "the 20% VA disability rating for [Plaintiff's] cervical spine impairment was awarded regardless of whether Plaintiff experienced any symptoms (such as pain, stiffness, etc.) because Plaintiff had forward flexion of the cervical spine greater than 15 degrees but not greater than 30 degrees," and that his temporomandibular joint

dysfunction and tinnitus ratings were awarded on similar bases, with little or no connection to any functional limitations.  (Id. at 9-10.)[5]

Ultimately, had the ALJ's decision "explicitly detailed" the above reasons for giving the VA determination limited weight, the Commissioner's argument could be well founded.  See Thomas, 2013 WL 5962929, at *9; Hildreth, 2015 WL 5577430, at *4 (citing Mills v. Colvin, No. 5:13-CV-432-FL, 2014 WL 4055818, at *7-9 (E.D.N.C. Aug. 14, 2014) (explaining that deviation from Bird's substantial weight standard was appropriate where the disability ratings identified by the VA failed to implicate any functional limitations, and, as such, had "little to no relevance to the disability determination" before the SSA)).  However, the administrative decision in this case lacks any of the explanation included in Defendant's brief, and the Commissioner's attempt to supply it after-the-fact fails to remedy the ALJ's omission.  See Sec. & Exch. Comm'n v. Chenery Corp., 318 U.S. 80, 87 (1943) (courts must review administrative decisions on the grounds upon which the record discloses the action was based).  Moreover, as noted above, the VA disability determination includes other findings that would also need to be considered or addressed.  Because the ALJ's decision fails to do so, remand is required.[6]

---

[5] With respect to Plaintiff's migraine headaches, the Commissioner appears to take the position that the VA disability determination is consistent with the ALJ's decision, and that the VA disability determination undermines Plaintiff's claims of more frequent migraine headaches.  (Def. Br. at 10.)  However, it is not clear how this fits with the ALJ's assignment of "limited weight" to the VA determination.

[6] The Court notes that the Commissioner also contends that remand here would be "an unwarranted pursuit of procedural perfection," because the ultimate determination would not change.  (Def. Br. at 18.)  However, the Court cannot predict whether the ALJ's determination would change, or whether there would be substantial evidence to support the ALJ's decision, since the decision itself does not sufficiently address the relevant evidence, here the VA's disability determination, in order to allow meaningful judicial review.  Moreover, that concern is particularly notable here, where the ALJ gave limited weight to the VA disability determination, no weight to the first consultative examiner, and only partial weight to the second consultative examiner and the mental consultative examiner, and instead gave "great weight to the assessments of the State agency

Accordingly, on remand, the ALJ should directly address Plaintiff's VA disability rating in light of the Fourth Circuit's decision in <u>Bird</u>, explain whether he gives the rating substantial weight, and if not, clearly identify the record evidence that supports any deviation from that standard. As noted above, Plaintiff's separate <u>Mascio</u> allegations need not be addressed at this time, but any of the matters raised by Plaintiff may be further addressed on remand.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision finding no disability be REVERSED, and that the matter be REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further consideration of Plaintiff's claims in light of the matters noted above. Defendant's Motion for Judgment on the Pleadings [Doc. #10] should be DENIED, and Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #8] should be GRANTED to the extent set out herein.

This, the 12th day of October, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

consultants." (Tr. at 29.) According to the ALJ, the State agency consultants "opined the [Plaintiff] could perform a reduced range of light work related to a combination of his impairments, which has been addressed in the residual functional capacity above." (Tr. at 29.) However, a review of the record reveals that on initial review, the state agency consultant founds Plaintiff could perform only sedentary work, not light work. (Tr. at 87, 90.) On reconsideration, the second state agency consultant assessed Plaintiff with greater exertional abilities (Tr. at 100), but in applying the Medical-Vocational rules, nevertheless found that Plaintiff's maximum sustained work capability was for sedentary work (Tr. at 103). The ALJ did not address these internal inconsistencies and instead inaccurately asserted that the state agency consultants found Plaintiff capable of light work. The Court need not address this issue further, since it appears that all of these issues are best addressed on remand and resolved by the ALJ in the first instance.